UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ 07628
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com
*Attorney for Plaintiff*

-----------------------------------------------------------------x

CHRISTOPHER E. BROWN,
an individual,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Civ. No.:

LYONS PLAZA, L.L.C.,
a New Jersey Limited Liability Company,

    Defendant.

-----------------------------------------------------------------x

## **COMPLAINT**

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues LYONS PLAZA, L.L.C., a New Jersey Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Newark District of New Jersey.

3. Plaintiff is a qualified individual with a disability under the ADA. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

4. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

5. Defendant, LYONS PLAZA, L.L.C., a New Jersey Limited Liability Company, (hereinafter referred to as "Defendant"), is registered to do business in the State of New Jersey. Upon information and belief, Defendant is the owner and operator of the real property and improvements which are the subject of this action, to wit: "Lyons Plaza or the "Property," a shopping center, generally located at 479 Lyons Ave, Newark, New Jersey 07112.

6. All events giving rise to this lawsuit occurred in the Essex County of New Jersey.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

7. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

8. The Property, a shopping center, is open to the public and provides goods and services to the public.

9. Plaintiff has visited the Property multiple times and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

10. During his most recent visit in November 2020, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the

Property, Plaintiff would like to visit the Property more often.

11. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendant. Additionally, MR. BROWN continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

12. Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to Defendants' failure to provide and/or correct the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

    A. Plaintiff encountered and experienced inaccessible parking due to excessive slopes and lack of proper access aisles;

    B. Plaintiff encountered and experienced inaccessible ramps and curb ramps throughout the Property due to excessive slopes, lack of level landings at top of ramps, and excessively sloped side flares; and

    C. Plaintiff encountered and experienced inaccessible routes throughout the Property due to excessive slopes, lack of handrails, and lack of curb cut from sidewalk.

13. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

14. Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased, leased to and/or operated by Defendants is in violation of the ADA;

B. That the Court enters an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enters an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

    D.      That the Court awards reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

    E.      That the Court awards such other and further relief as it deems necessary, just and proper.

February 8, 2021

                              Respectfully submitted,

                              By: */s/ Elizabeth T. Foster*
                              Elizabeth T. Foster, Esq.
                              Elizabeth T. Foster, Attorney at Law, LLC
                              22 E. Quackenbush Ave.
                              Dumont, NJ 07628
                              (201) 290-5761
                              (201) 215-9574 (fax)
                              Liztlaw@gmail.com

                              *Attorney for Plaintiff*